O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT DALE ARTHUR, | Case No. CV 16-07693-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Robert Dale Arthur ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

///

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.

# BACKGROUND

Plaintiff filed applications for DIB and SSI on March 18, 2013, and March 22, 2013, respectively. See Administrative Record ("AR") 221-33. Plaintiff alleged that his disability began on March 13, 2012. See AR 221, 228. After his applications were denied, he requested a hearing before an administrative law judge ("ALJ"). See AR 111. The ALJ conducted an initial hearing on December 2, 2014, when the ALJ heard testimony by a vocational expert ("VE"), a medical expert, and Plaintiff, who was represented by counsel. See AR 63-77. On March 30, 2015, the ALJ held a supplemental hearing where she heard testimony from another VE, medical experts Drs. Samuel Berman and David Peterson, and Plaintiff, who was again represented by counsel. See AR 43-62.

On May 5, 2015, the ALJ denied Plaintiff's claims. See AR 25-42. The ALJ found that Plaintiff last met the insured status requirements on September 30, 2013, and that Plaintiff had not engaged in substantial gainful activity since March 13, 2012. See AR 30. The ALJ then found that Plaintiff had severe impairments of obesity, lumbar spine degenerative disc disease, arthritis of the lower extremities, attention-deficit hyperactivity disorder (ADHD), and borderline intellectual functioning—none of which met or medically equaled any of the impairments in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1. See AR 30-33.

Despite Plaintiff's impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: no lifting or carrying in excess of 10-20 pounds, no standing or walking in excess of 2 hours total per 8-hour workday, no sitting in excess of 6 hours total per 8-hour workday, no climbing activities, no working without being able to change positions on an hourly basis, no performing more than

occasional postural movements, no performing more than simple, repetitive tasks, and no having more than occasional contact with others in a work setting. See AR 33-34. Based on the VE's testimony, the ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff could work as an addresser, document preparer, and assembler. See AR 38. Thus, the ALJ found that Plaintiff was not disabled. See id.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 10-15; see also 20 C.F.R. §§ 404.981, 416.1481. Plaintiff sought review in this Court. See Dkt. 1.

## II.

## DISCUSSION

Plaintiff argues that the ALJ erred in rejecting Dr. Berman's medical opinion. See Joint Stipulation (Dkt. 22) ("JS") at 4. Specifically, Plaintiff contends that the ALJ improperly rejected Dr. Berman's diagnosis of a severe impairment of arthritis to Plaintiff's upper extremities, improperly gave more weight to an examining physician's opinion, and incorrectly rejected Dr. Berman's opinion based on Plaintiff's conflicting testimony. See id. at 4-12.

**A.    Relevant Facts**

At the March 2015 hearing, after reviewing Plaintiff's medical evidence, Dr. Berman testified that Plaintiff had, among other impairments, "[a]rthropathy involving multiple joints consistent with rheumatoid arthritis." AR 49. He also testified that Plaintiff had the following limitations:

> No standing over two hours in an eight hour period of time. Lifting limited to 20 pounds occasionally and 10 pounds frequently. No climbing of ladders, ropes or scaffolds. And the opportunity for the applicant to stand after sitting for more than one hour.

Id. Dr. Berman then reported that there was not "anything in the record that

suggests a need for any greater limitations." Id.

When later questioned by Plaintiff's counsel, however, Dr. Berman stated that Plaintiff had additional limitations on his upper extremities and recommended restricting Plaintiff's fine manipulation to one hour in an eight-hour workday. See AR 57-58. Dr. Berman testified that while nothing in the record specifically supported this limitation, Plaintiff's testimony suggested that "excessive use of [his] fingers and hands" may aggravate his arthritis. See AR 57.

In her decision, the ALJ discussed but ultimately rejected Dr. Berman's opinion. See AR 35-36. The ALJ noted Dr. Berman's "drastic" change in testimony—originally stating only general limitations to sitting, standing, lifting, and climbing, but later limiting Plaintiff's fine manipulation to one hour in an eight-hour period. See AR 36. The ALJ also cited to Dr. Berman's admission that nothing in the medical record supported the limitations he assigned and noted Plaintiff's testimony that the only reason he stopped his last job was that it required "too much standing and too heavy weights." Id. The ALJ found Dr. Berman's limitations were unsupported by the record and relied instead on examining physician Dr. Martin Perer's assessment of Plaintiff's limitations. See AR 32, 35.

**B.  Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended).[2] A treating

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry

4

physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Lester, 81 F.3d at 830. When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. (citations omitted); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

---

v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the versions of 20 C.F.R. §§ 404.1527 and 416.927 that were in effect at the time of the ALJ's May 2015 decision.

C.  **Analysis**

Plaintiff argues that the ALJ failed to explain why she rejected Dr. Berman's opinion that Plaintiff's arthritis in his upper extremities was severe. See JS at 6-7. Plaintiff notes that Dr. Berman never testified that Plaintiff's gross manipulation should be limited to one hour per eight-hour workday and that Plaintiff's attorney did not lead Dr. Berman to increase Plaintiff's fine manipulation limitations at the hearing. See id. at 8-9. Despite conceding that nothing in the medical record supports Dr. Berman's one-hour per workday limitation for fine manipulation, Plaintiff maintains that "[i]t is unreasonable to assume that a medical expert [Dr. Berman] would articulate such a restriction without any evidentiary support." Id. at 10. Plaintiff further argues that Dr. Perer's opinion is inaccurate because he "does not appear to have reviewed" any medical records, and when Dr. Perer examined Plaintiff, none of Plaintiff's upper extremity arthritic impairments presented. Id. at 11. Last, Plaintiff contends that the ALJ erred by rejecting Dr. Berman's opinion, because it contradicted Plaintiff's testimony for why he stopped his last job. See id.

The ALJ was well within her discretion to reject Dr. Berman's opinion, which he admitted was unsupported by the medical record. See AR 57. Unable to point to any supporting evidence, Plaintiff's conclusory contention that Dr. Berman would not have limited Plaintiff's fine manipulation without evidentiary support is not grounds for reversal. See Thomas, 278 F.3d at 957. Moreover, the ALJ provided other reasons supported by substantial evidence—e.g., Dr. Berman's ambiguous explanation for his change in testimony and Dr. Perer's contradicting medical opinion—to justify her rejection of Dr. Berman's opinion. See AR 32, 35-36; see also Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in

6

the medical record."). While Plaintiff is correct that the ALJ mischaracterized Dr. Berman's one-hour per workday limitation as applying to both fine and gross manipulations, the ALJ's mistake was inconsequential; Dr. Berman's testimony still changed over the course of the hearing from Plaintiff only having limited limitations to sitting, standing, lifting, and climbing, to having additional discrete fine manipulation limitations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that ALJ's error is harmless where such error is inconsequential to ultimate non-disability determination).

As to Plaintiff's contention that the ALJ erred by failing to find a severe impairment in Plaintiff's arthritis in his upper extremities, any error was also harmless because the ALJ considered Plaintiff's upper extremity limitations when she assessed Plaintiff's RFC. See AR 36 (discussing Dr. Berman's testimony regarding Plaintiff's upper extremity fine manipulation limitations); see also Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (noting that error in labeling condition as non-severe is harmless where ALJ finds at least one severe impairment and continued sequential analysis considering all of claimant's symptoms).

The ALJ also properly relied on examining physician Dr. Perer's medical opinion to discount Dr. Berman's testimony. See Lester, 81 F.3d at 830 ("The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician."). That Dr. Perer examined Plaintiff on a day without arthritic "flare-ups" is immaterial because Plaintiff has not shown through the evidence to what extent, if any, Plaintiff's ability to do work activities on a sustained basis was limited as a result. See 20 C.F.R. §§ 404.1509, 404.1545, 416.909, 416.945.

Finally, the ALJ's discounting of Dr. Berman's opinion because it contradicted Plaintiff's reason for stopping his prior job is also ultimately

harmless. The Commissioner concedes that the ALJ's rejection of Dr. Berman's opinion on grounds that "the only reasons [Plaintiff] stopped his last job with [sic] too much standing and too heavy weights" was flawed. JS at 18 (quoting AR 36). Even so, substantial evidence in the form of Dr. Perer's medical opinion and the longitudinal medical record still supports the ALJ's ultimate rejection of Dr. Berman's opinion.

In sum, the ALJ provided sufficiently specific reasons supported by substantial evidence in the record for her rejection of Dr. Berman's hearing testimony. Remand is not warranted on this basis.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: March 14, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge